THE STATE, EX REL. ROAHRIG ET AL., APPELLEES, *v.* BROWN, SECRETARY OF STATE, APPELLANT, ET AL.

[Cite as State, ex rel. Roahrig, v. Brown (1972), 30 Ohio St. 2d 82.]

(No. 72-314—Decided April 28, 1972.)

*Mr. Richard Harold Slemmer,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for appellant.

*Per Curiam.* The proposed constitutional amendment, Issue 1-A, seeks the amendment of several articles and a number of sections of the Ohio Constitution, relating to the administration, organization, expenses, and procedures of the General Assembly; the election of the Governor and Lieutenant Governor; the duties of the Lieutenant Governor; the repeal of Section 22, Article IV, which requires a two-thirds (2/3) legislative majority to create a Commission to dispose of accumulated business of the Supreme Court; and the repeal of a section of the Constitution prohibiting persons having been found guilty of a specific felony from holding public office and prohibiting certain persons from membership in the General Assembly.

Section 1, Article XVI of the Ohio Constitution provides in pertinent part:

" * * * When more than one amendment shall be submitted at the same time, they shall be so submitted as to enable the electors to vote on each amendment, separately."

Under this constitutional provision a proposal consists of one amendment to the Constitution only so long as each of its subjects bears some reasonable relationship to a single *general* object or purpose. See *State, ex rel. Foreman,* v. *Brown, Prosecuting Attorney* (1967), 10 Ohio St. 2d 139; *State, ex rel. Burton,* v. *Greater Portsmouth Growth Corp.* (1966), 7 Ohio St. 2d 34; *State* v. *Foster* (1969), 20 Ohio Misc. 257.

Appellant contends that in the instant case there is such a single general purpose to all parts of the proposed amendment, citing the Ohio Constitutional Revision Commission's statement that the general purpose of the amendment was to provide a "strong independent General Assembly."

It is clear that at least three parts of Issue 1-A

bear no reasonable relationship to a "strong independent General Assembly," namely: the proposal for the Governor and Lieutenant Governor to run together as a team, the proposal to repeal Section 22, Article IV, involving the Supreme Court Commission and the proposed repeal of the section dealing with prohibiting certain persons from holding public office.

Section 1, Article XVI of the Constitution is clear and unequivocal in its admonition that only a single general purpose may be included in any one proposed constitutional amendment. Amended House Joint Resolution No. 44 is multi-purposed in language and in scope.

Until a court properly directed otherwise, the Secretary of State was under a duty to follow the mandate of the General Assembly by placing this constitutional proposal on the ballot in the form presented to him. R. C. 3501.04 and 3501.05. However, when it has been properly adjudicated that the manner of submission ordered by the General Assembly does not satisfy all constitutional requirements, it then becomes his clear legal duty to take appropriate action to rectify the circumstances.

It is our conclusion that the method of submission of these proposed amendments to the Constitution does not meet the requirements of Section 1, Article XVI of the Ohio Constitution. Therefore, this court orders that the respondent strike Issue 1-A from the ballot and that he not tabulate any of the votes on this issue; and that respondent direct all the county boards of elections to strike Issue 1-A from the ballot and direct them not to tabulate any of the votes on this issue.

The judgment of the Court of Appeals is modified, and, as modified, is affirmed.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.