[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 324.]

THE STATE EX REL. SHEMO, TRUSTEE, ET AL. *v*. CITY OF MAYFIELD HEIGHTS ET AL.

[Cite as *State ex rel. Shemo v. Mayfield Hts.*, 2001-Ohio-203.]

*Mandamus sought to compel city of Mayfield Heights et al. to approve relators' application for road improvement plans—Motion for expedited consideration granted—Motion for peremptory writ denied and cause dismissed without prejudice.*

(No. 01-929—Submitted May 30, 2001—Decided July 18, 2001.)

IN MANDAMUS.

ON MOTION FOR EXPEDITED CONSIDERATION.

_____

{¶ 1} On consideration of relators' motion for expedited consideration of their motion for peremptory writ,

{¶ 2} IT IS ORDERED that the motion for expedited consideration be, and hereby is, granted.

{¶ 3} IT IS FURTHER ORDERED that relators' motion for peremptory writ be, and hereby is, denied, and that the cause be, and hereby is, dismissed without prejudice for failure to comply with S.Ct.Prac.R. X(4)(B).

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., concurs separately.

LUNDBERG STRATTON, J., dissents, would grant the peremptory writ, and concurs in the analysis of the nature of the defect in relators' complaint found in the concurring opinion of Pfeifer, J.

_____

**PFEIFER, J., concurring.**

{¶ 4} I concur in the judgment denying relators' motion for peremptory writ and in the dismissal of the cause without prejudice. I write separately, however, to specify the nature of the defect in relators' complaint in order to limit its recurrence in this and future cases.

{¶ 5} Relators failed to comply with S.Ct.Prac.R. X(4)(B), which requires that "[a]ll complaints * * * shall be supported by an affidavit of the relator or counsel specifying the details of the claim." That affidavit must be " 'based on *personal knowledge*.' " (Emphasis *sic*.) *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 538, 740 N.E.2d 252, 254, quoting *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 384, 700 N.E.2d 12, 17. Relator Shemo's verification of the complaint does not state that it is based on personal knowledge, and an affidavit of relator Shemo contained in relators' compendium of exhibits that is based on his personal knowledge does not cover all of the necessary details of relators' claim for extraordinary relief in mandamus. Dismissal of relators' case is thus required. See *Sekermestrovich*, 90 Ohio St.3d at 538-539, 740 N.E.2d at 254-255; *Logan v. Ohio Adult Parole Auth.* (1998), 84 Ohio St.3d 1423, 702 N.E.2d 433; *Goist v. Seventh Dist. Court* (1997), 79 Ohio St.3d 1452, 680 N.E.2d 1024.

{¶ 6} Nevertheless, I agree that the dismissal should be without prejudice. Pursuant to Civ.R. 41(B)(3), as made applicable to this case by S.Ct.Prac.R. X(2), this court has the discretion to make an involuntary dismissal with or without prejudice for failure to comply with rules like S.Ct.Prac.R. X(4)(B). See *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199. We need not automatically dismiss with prejudice all original actions that fail to comply with the affidavit requirement of S.Ct.Prac.R. X(4)(B).

{¶ 7} In exercising our discretion here, it is evident that relators' noncompliance with S.Ct.Prac.R. X(4)(B) did not involve a *complete* failure to file an affidavit. Relators did attempt to verify their complaint and additionally filed

an affidavit based on personal knowledge that supported *some* of the details of their mandamus claim. And relators' allegations, if ultimately established, specify respondents' violation of a 1997 common pleas court order that we unanimously reinstated last year. *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 722 N.E.2d 1018.

{¶ 8} Therefore, under these unique circumstances, relators should not be forever barred from raising their claim for extraordinary relief based on their partial noncompliance with S.Ct.Prac.R. X(4)(B). See *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 823, quoting *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 213, 431 N.E.2d 644, 647 (" 'Fairness and justice are best served when a court disposes of a case on the merits' ").

{¶ 9} However, I would further caution relators, as well as other prospective relators, that future violations of S.Ct.Prac.R. X(4)(B) may be subject to dismissal with prejudice. See *Sekermestrovich, Logan,* and *Goist*. Flagrant, substantial disregard for court rules justifies a dismissal with prejudice. See *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 48, 684 N.E.2d 319, 321, citing *DeHart*, 69 Ohio St.2d at 193, 23 O.O.3d at 213, 431 N.E.2d at 647. This case should provide prospective relators with sufficient warning regarding the potential consequences of not *fully complying* with the affidavit requirement of S.Ct.Prac.R. X(4)(B). Much like an umpire giving a pitcher a warning that the next pitch aimed at a batter's head may lead to his ejection, attorneys are similarly warned here.

--------------------

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A., Sheldon Berns, Benjamin J. Ockner* and *Robert A. Zimmerman*, for relators.

--------------------