THE STATE EX REL. KUHAR v. MEDINA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Kuhar v. Medina Cty. Bd. of Elections,*
108 Ohio St.3d 515, 2006-Ohio-1079.]

(No. 2006–0328—Submitted March 6, 2006—Decided March 10, 2006.)

**Per Curiam.**

{¶ 1} This is an expedited election case in which an elector seeks to prevent a board of elections from conducting primary and general elections for municipal court clerk.

{¶ 2} Before September 29, 2005, the Clerk of Courts of the Medina Municipal Court was appointed by a single judge of that court. Effective September 29, 2005, Am.Sub.H.B. No. 66 ("H.B. 66"), the biennial budget bill for 2006–2007, amended R.C. 1901.31(A)(1)(a) by making the Clerk of Courts of the Medina Municipal Court an elected position. Pursuant to this amendment, respondent,

Medina County Board of Elections, will conduct a May 2, 2006 primary election and a November 7, 2006 general election for the municipal clerk position. The appointed clerk of courts earns $75,743.02 in salary and benefits. The elected clerk of courts will earn $106,267.85 in salary and benefits.

{¶ 3} On February 13, 2006, approximately four and one-half months after the amendment to R.C. 1901.31 became effective, relator, Mark Kuhar, a registered voter and taxpayer in Medina, filed this expedited election action. Kuhar seeks a writ of mandamus "instructing [the board of elections] not to conduct elections in accordance with [R.C.] 1901.31 as amended by Amended Substitute House Bill 66 because said section was amended in violation of the Ohio Constitution." On February 24, 2006, the board of elections filed an answer to the complaint. On February 28, 2006, we granted the motion of Ohio Attorney General Jim Petro to intervene as a respondent. The parties filed evidence and briefs pursuant to the schedule delineated for expedited election cases in S.Ct.Prac.R. X(9).

{¶ 4} This cause is now before us for a decision on the merits.

{¶ 5} Kuhar requests a writ of mandamus to prevent the board of elections from conducting primary and general elections for municipal court clerk based on his claim that H.B. 66 violates the one-subject rule of Section 15(D), Article II of the Ohio Constitution, which provides, "No bill shall contain more than one subject, which shall be clearly expressed in its title."

{¶ 6} " 'In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Mackey v. Blackwell,* 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 13, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704.

{¶ 7} We have applied this general rule in expedited election cases. See, e.g., *State ex rel. McCord v. Delaware Cty. Bd. of Elections,* 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 24–26. Under this rule, "we must examine [Kuhar's] complaint 'to see whether it actually seeks to prevent, rather than to compel, official action.' " *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012, quoting *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105.

{¶ 8} In his merit briefs, Kuhar expressly requests (1) that the court "find that R.C. 1901.31 was amended in violation of the Ohio Constitution" and (2) that the court order the elections board "not to engage in the illegal elections scheduled for May 2, 2006 and November 7, 2006."

{¶ 9} Consequently, after examining Kuhar's complaint and briefs, we note that he actually seeks (1) a declaratory judgment that H.B. 66 is unconstitutional and (2) a prohibitory injunction preventing the elections board from conducting primary and general elections for municipal court clerk based on H.B. 66. Cf. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70–71, 647 N.E.2d 769 ("The essence of relators' request for mandamus relief is injunctive, *i.e.*, to enjoin respondents from holding any election for city council" for two years).

{¶ 10} Admittedly, we have occasionally permitted mandamus actions to test the constitutionality of legislation in expedited election cases. See, e.g., *State ex rel. Watson v. Hamilton Cty. Bd. of Elections* (2000), 88 Ohio St.3d 239, 242, 725 N.E.2d 255 ("It is appropriate to consider the merits of Watson's constitutional claim in this mandamus action because an action for a declaratory judgment and prohibitory injunction would not be sufficiently speedy in this expedited election case"); *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 342, 673 N.E.2d 1351 ("given the fact that relators are seeking to have their petitions certified and names placed on the ballots for the upcoming November election, the alternative remedy would not be adequate"); *State ex rel. Hinkle v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 147, 580 N.E.2d 767 (mandamus allowed to compel placement of local option questions on election ballot); *State ex rel. Brown v. Summit Cty. Bd. of Elections* (1989), 46 Ohio St.3d 166, 545 N.E.2d 1256 (mandamus denied to place name of city-council candidate on election ballot).

{¶ 11} But these cases are easily distinguishable because they involved relators seeking to *compel* the certification of candidates or issues for placement on election ballots—relief in the nature of a mandatory injunction—rather than Kuhar's ill-disguised claim for a prohibitory injunction to *prevent* the primary and general elections for municipal court clerk.

{¶ 12} Moreover, any possible limited exception to the general rule prohibiting an extraordinary action in mandamus to challenge the constitutionality of legislation is inapplicable because this is not a "rare and extraordinary case" in which the challenged statute operates "directly and broadly, to divest courts of judicial power." (Emphasis deleted.) *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 504, 715 N.E.2d 1062. The amendment to R.C. 1901.31 challenged by Kuhar involves only one office in one county. Notably, *Sheward* included a claim for a writ of prohibition to prevent judges from exercising judicial authority; conversely, there is no prohibition claim here, and indeed, there could not be because the board of elections is not exercising any judicial or quasi-judicial authority in conducting the elections specified by the amended legislation.

{¶ 13} Therefore, in accordance with the general rule and in the absence of any possible exception that might warrant departure from that rule, we lack jurisdiction over Kuhar's claim and must dismiss it. *Mackey,* 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 16; *McCord,* 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 26. Like the relators' claim in another expedited election case, *Youngstown,* 72 Ohio St.3d at 70–71, 647 N.E.2d 769, Kuhar's claim is manifestly for a prohibitory injunction to prevent the board of elections from conducting any election for municipal court clerk.

{¶ 14} Based on the foregoing, we dismiss the cause for lack of jurisdiction.

Cause dismissed.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., not participating.

———————

Marco, Marco & Bailey, Robert B. Campbell, and Steve C. Bailey, for relator.

Dean Holman, Medina County Prosecuting Attorney, and William L. Thorne, Assistant Prosecuting Attorney, for respondent.

Jim Petro, Attorney General, and Holly J. Hunt and Frank M. Strigari, Assistant Attorneys General, for intervening respondent.