THE STATE EX REL. MARSALEK ET AL. *v.* COUNCIL
OF THE CITY OF SOUTH EUCLID ET AL.

[Cite as *State ex rel. Marsalek v. S. Euclid City Council,*
111 Ohio St.3d 163, 2006-Ohio-4973.]

(No. 2006–1671—Submitted September 21, 2006—Decided September 27, 2006.)

**Per Curiam.**

{¶ 1} This is an expedited election case for a writ of mandamus to compel a city council, its clerk, and the city finance director to submit to the board of elections for placement on the November 7, 2006 election ballot a resolution granting a conditional-use permit to use property as a planned-unit residential development.

{¶ 2} On June 26, 2006, respondent Council of the City of South Euclid, Ohio adopted Resolution No. 12–06, which granted a conditional-use permit to N.A.M. Properties to construct the Stoneridge Planned Unit Residential Development in South Euclid. The property is zoned as an unplanned one-family residential district under the Codified Ordinances of South Euclid, but the conditional-use permit authorizes planned-unit residential development.

{¶ 3} On July 31, 2006, 35 part-petitions on Resolution No. 12–06 were filed with respondents Keith Benjamin and Joseph G. Fillippo. Benjamin is the Clerk of the South Euclid Council, and Fillippo is the South Euclid Finance Director. On August 8, 2006, the Director of the Cuyahoga County Board of Elections certified that the petition contained 801 valid signatures, which was more than the number of signatures needed to place the referendum on the November 7, 2006 election ballot.

{¶ 4} On August 15, 2006, the South Euclid Council held a special meeting at which it refused to submit Resolution No. 12–06 to the board of elections for placement on the November 7, 2006 election ballot. On August 21, 2006, through counsel, relator Emilie M. DiFranco, a property owner who would be directly affected by the resolution, and other taxpayers submitted a written demand pursuant to R.C. 733.58 and 733.59 to the South Euclid Director of Law to file a mandamus action to compel the city council to submit the resolution to a public vote on November 7, 2006. The law director did not respond to the request.

{¶ 5} On September 6, 2006, relators, DiFranco and Daniel Marsalek, who was one of the petition circulators and is a South Euclid elector, filed this expedited election case for a writ of mandamus to compel respondents to submit Resolution No. 12–06 to the Cuyahoga County Board of Elections for placement on the November 7, 2006 election ballot. On September 12, 2006, respondents filed an answer, and the parties subsequently submitted evidence and briefs pursuant to the expedited schedule in S.Ct.Prac.R. X(9). This cause is now before the court for its consideration of the merits.

{¶ 6} Relators request a writ of mandamus to compel respondents to submit Resolution No. 12–06 to the board of elections for placement on the November 7, 2006 election ballot. The resolution grants a conditional-use permit for a planned-unit residential development in an area that is zoned one-family un-planned residential.

{¶ 7} Relators claim that the planned-unit development constitutes rezoning and is therefore subject to referendum. Respondents argue that the passage of Resolution No. 12–06 was an administrative act not subject to referendum.

{¶ 8} In order to be entitled to the writ, relators must establish a clear legal right to have Resolution No. 12–06 submitted to the board of elections for placement on the election ballot, a corresponding clear legal duty on the part of respondents to do so, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 29.

{¶ 9} Article VIII, Section 2 of the South Euclid Charter authorizes municipal electors to seek a referendum on certain ordinances and resolutions adopted by the city council:

{¶ 10} "When said petition is filed, the Clerk of Council shall first ascertain the sufficiency of the petition, and if found sufficient, the Council shall thereupon, within thirty (30) days of the filing of such petition, reconsider such ordinance or resolution.

{¶ 11} "If, upon such reconsideration, the ordinance or resolution is not repealed, the Council shall submit it to a vote of the electors on the date fixed in the petition, or if no date be so fixed, at the next general or regular municipal election in any year occurring more than ninety (90) days after the filing of such petition. No such ordinance or resolution shall go into effect or, if then in effect, shall so remain, until approved by a majority of those voting thereon. Ordinances providing for a tax levy or for improvements petitioned for by the owners of a majority of the feet front of the property benefited and to be specially assessed therefore, and appropriation ordinances limited to the subject of appro-priations shall not be subject to referendum, but *except as otherwise provided by the Constitution or general laws of the State of Ohio, all other ordinances and*

*resolutions, including, but not limited to, emergency ordinances and resolutions, shall be subject to referendum*; provided, however, that emergency ordinances and resolutions shall go into effect at the time indicated therein." (Emphasis added.)

{¶ 12} Section 1f, Article II of the Ohio Constitution provides referendum power only on those questions that municipalities "may now or hereafter be authorized by law to control by *legislative* action." (Emphasis added.) Thus, "[p]ursuant to Section 1f, Article II of the Ohio Constitution, actions taken by a municipal legislative body, whether by ordinance, resolution, or other means, that constitute *administrative* action, are not subject to referendum proceedings." (Emphasis added.) *Buckeye Community Hope Found. v. Cuyahoga Falls* (1998), 82 Ohio St.3d 539, 697 N.E.2d 181, paragraph two of the syllabus.

{¶ 13} "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, paragraph two of the syllabus.

{¶ 14} Resolution 12–06 merely executes and administers the preexisting provisions of Section 722.06 of the South Euclid Codified Ordinances, which permits planned-unit residential developments as a conditional use in residential districts, but endeavors "to maintain the predominantly residential character of the City." Section 722.06 specifies criteria for this conditional use, including the permissible dwelling types, minimum project area, maximum density, minimum setbacks, and minimum distance between buildings.

{¶ 15} Resolution 12–06, which approves a conditional-use permit in accordance with Section 722.06, does not change the zoning of the property. The cases cited by relators as holding otherwise do not involve conditional-use permits and are thus distinguishable. Cf., e.g., *State ex rel. Zonders v. Delaware Cty. Bd. of Elections* (1994), 69 Ohio St.3d 5, 11, 630 N.E.2d 313 ("Generally, the adoption of a zoning amendment, like the enactment of the original zoning ordinance, is a legislative act which is subject to referendum"); *Peachtree Dev. Co. v. Paul* (1981), 67 Ohio St.2d 345, 351, 21 O.O.3d 217, 423 N.E.2d 1087 (approval of community-unit plan was legislative action because the approval constituted the functional equivalent of a new zoning classification for the affected area); *Gray v. Monclova Twp. Trustees* (1974), 38 Ohio St.2d 310, 314, 67 O.O.2d 365, 313 N.E.2d 366 (approval of a plat or an amendment of a plat for planned-unit development was a legislative act under local zoning laws that resulted in zoning amendments). As we emphasized in *State ex rel. Commt. for the Referendum of Ordinance No. 3844–02 v. Norris,* 99 Ohio St.3d 336, 2003-Ohio-3887, 792 N.E.2d 186, ¶ 35,

*Peachtree* and *Gray* are distinguishable; the acts in those cases were found to be legislative because they effected a zoning change to the properties.

{¶ 16} The analogous provisions concerning planned-unit-development regulations in counties and townships similarly recognize a difference between establishing planned-unit developments by conditional-use permit and rezoning.

{¶ 17} In general, the application of planned-unit-development regulations to property that is not zoned for it requires an amendment to the zoning map. See R.C. 303.022(A) ("Property owners who wish to have planned-unit development regulations apply to their property may apply to have the zoning map amended pursuant to section 303.12 of the Revised Code to rezone their property as a planned-unit development and no longer subject to any previously applicable zoning regulations"); R.C. 519.021(A) ("Property owners who wish to have planned-unit development regulations apply to their property may apply to have the zoning map amended pursuant to section 519.12 of the Revised Code to rezone their property as a planned-unit development and no longer subject to any previously applicable zoning regulations"). The cited provisions recognize that the application of planned-unit development regulations to a specific property that is not zoned as a planned-unit development effects a zoning amendment that constitutes a legislative action subject to the referendum provisions of R.C. 303.12(H) and 519.12(H).

{¶ 18} Nevertheless, both R.C. 303.022 and 519.021 additionally specify that nothing in their provisions prevents a board of county commissioners or a board of township trustees "from authorizing a planned-unit development as a conditional use in the zoning resolution" pursuant to R.C. 303.14(C) and 519.14(C). There is no indication in R.C. 303.022 and 519.021 that employing this method to establish a planned-unit development, which does not effect a zoning amendment, subjects the actions to referendum pursuant to R.C. 303.12(H) and 519.12(H).

{¶ 19} Moreover, courts that have addressed this issue have held that a governmental entity's approval of a planned-unit development by issuance of a conditional-use permit for a specific piece of property under preexisting zoning regulations does not constitute a legislative act. See, e.g., *Gross Builders v. Tallmadge,* Summit App. No. 22484, 2005-Ohio-4268, 2005 WL 1966775, ¶ 20–22 ("we confirm that Tallmadge acted legislatively when it decided to conditionally permit PUDs [planned-unit developments] in 'any residential zoning district,' but acts administratively, as in this matter, when it determines whether a development complies with its standards for development of PUDs"); *Yarab v. Boardman Twp. Bd. of Zoning Appeals,* Mahoning App. No. 04 MA 266, 2006-Ohio-3565, 2006 WL 1903133, ¶ 23 (grant of conditional-use permit to developer to build a planned-unit development constituted administrative, rather than legislative, act); *Hickory Street Coalition v. Akron Planning Comm.,* Summit App. No.

21738, 2004-Ohio-2246, 2004 WL 948747, ¶ 17 (city council's approval of conditional-use permit to establish a residential development constituted proper administrative action, not legislative rezoning subject to referendum).

{¶ 20} Based on the foregoing, South Euclid Council's adoption of Resolution 12–06, which grants a conditional-use permit for a planned-unit residential development, constituted an administrative act, which is not subject to referendum. Therefore, relators have established neither a clear legal right to the referendum nor a clear legal duty on the part of respondents to submit the resolution to the board of elections for placement on the November 7, 2006 election ballot. See, e.g., *State ex rel. Oberlin Citizens for Responsible Dev. v. Talarico,* 106 Ohio St.3d 481, 2005-Ohio-5061, 836 N.E.2d 529, ¶ 22 (no right to have initiative and referendum placed on election ballot when the enactment constituted an administrative action). Accordingly, we deny the writ.

Writ denied.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

——————————

Dale C. Feneli, for relators.

Michael P. LoGrasso, South Euclid Director of Law; Nicola, Gudbranson & Cooper, L.L.C., Vincent A. Feudo, and Michael E. Cicero, for respondents.