THE STATE EX REL. EVANS *v.* BLACKWELL, SECY. OF STATE.

[Cite as *State ex rel. Evans v. Blackwell,*
111 Ohio St.3d 437, 2006-Ohio-5439.]

(No. 2006–1781—Submitted October 12, 2006—Decided October 20, 2006.)

**Per Curiam.**

{¶ 1} This is an expedited election case in which relator seeks a writ of mandamus to compel the Secretary of State to remove a statewide initiative from the November 7, 2006 election ballot. Because we lack jurisdiction over relator's claim for declaratory judgment and prohibitory injunction and relator did not comply with S.Ct.Prac.R. X(4)(B), we dismiss the cause.

### Initiative Petition, Verification, Protests, Transmittal, and Supplementary Petition

{¶ 2} Intervening respondents Donald McClure, Susan Jagers, and Tracy Sabetta are members of a committee responsible for a state initiative petition proposing a law called "The Smoke Free Workplace Act." Under the proposed law, smoking and burning tobacco in enclosed areas of public places and in public and private places of employment in Ohio would be generally prohibited. Intervening respondent SmokeFreeOhio, a coalition of nonprofit organizations, drafted the proposed law.

{¶ 3} On November 17, 2005, the committee filed the initiative petition with respondent Ohio Secretary of State J. Kenneth Blackwell. The petition contained over 167,000 signatures from all 88 counties. On December 1, 2005, in accordance with R.C. 3519.15, the Secretary transmitted part-petitions to the county boards of elections to determine their validity. The boards of elections reviewed the part-petitions and then submitted their reports to the Secretary.

{¶ 4} Beginning in December 2005, relator, Jacob Evans, an Ohio taxpayer and elector, filed protests challenging the sufficiency of the findings of several boards of elections. By March 2006, Evans had filed protests in 34 counties, and the Secretary had filed a motion in 31 of the 34 counties to intervene and transfer venue to the Franklin County Court of Common Pleas.

{¶ 5} On December 28, 2005, when some of the protests were pending, the Secretary notified the committee, as required by R.C. 3519.16, that the petition contained 117,026 valid signatures and that this number was sufficient for the

petition to be transmitted to the General Assembly. By letter dated December 28, 2005, the Secretary notified the clerks of the Ohio House of Representatives and the Ohio Senate that the petition met the requirements of Sections 1b and 1g, Article II of the Ohio Constitution, and he transmitted the full text and summary of the proposed law to the clerks for the General Assembly's consideration at its 2006 session.

{¶ 6} On January 3, 2006, the General Assembly convened its second regular session, and the clerks journalized the transmittal by the Secretary of the proposed law. After four months elapsed without the General Assembly taking any action on the proposed law, the committee filed a supplementary petition pursuant to Section 1b, Article II of the Ohio Constitution requesting that the initiative be submitted to the electors for their approval or rejection at the November 7, 2006 general election. The Secretary sent the supplementary part-petitions to the elections boards to determine the sufficiency and validity of the signatures. By letter dated September 7, 2006, the Secretary notified the committee that based on the boards' reports, he had certified 114,517 valid signatures in the supplementary petition.

### Previous Prohibition and Mandamus Case

{¶ 7} On January 3, 2006, Evans filed a complaint in the Court of Appeals for Franklin County for an emergency writ of prohibition or, in the alternative, for a writ of mandamus to (1) enjoin the clerks of the General Assembly from treating the initiative petition as ever having been transmitted by the Secretary, (2) correct the Secretary's actions by declaring null and void his December 28, 2005 transmittal of the initiative petition to the General Assembly, and (3) enjoin the Secretary from determining the results of pending protest proceedings before they had been adjudicated. Evans claimed that by not waiting to transmit the proposed law to the General Assembly until reports from the boards of elections had been received following the common pleas court proceedings on Evans's protests, the Secretary violated Section 1b, Article II of the Ohio Constitution. Evans also asserted that the Secretary usurped the authority of common pleas courts under R.C. 3519.16 by declaring on December 28, 2005, that the initiative petition contained the required number of signatures.

{¶ 8} On April 27, 2006, the court of appeals issued a decision denying the writs. *State ex rel. Evans v. Blackwell,* Franklin App. No. 06AP–6, 2006-Ohio-2076, 2006 WL 1102804. On May 8, 2006, the court of appeals entered a judgment reflecting its April 27 decision.

{¶ 9} On appeal, we affirmed the judgment denying the writs. *State ex rel. Evans v. Blackwell,* 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025. We held that Evans "did not establish that the petition contained an insufficient number of signatures on the Section 1b, Article II deadline of 'not less than ten days prior to

the commencement' of the January 2006 session of the General Assembly." Id. at ¶ 24. We further held that the Secretary did not patently and unambiguously lack jurisdiction to transmit the proposed law to the General Assembly and that Evans had an adequate remedy in the ordinary course of law by an action for a prohibitory injunction in common pleas court to prevent the proposed law from being placed on the November 7, 2006 election ballot. Id. at ¶ 32–38.

## Protest Case and Appeal

{¶ 10} Just before the court of appeals entered judgment denying the writs in Evans's prohibition and mandamus case, on May 4, 2006, the Franklin County Court of Common Pleas issued a decision in a case consolidating the protests that Evans had filed in 34 different counties against the statewide smoke-free initiative. The common pleas court sustained Evans's protests in part and invalidated all part-petitions listing the American Cancer Society as the circulators' employer when the circulators were actually employed by an independent contractor or were self-employed. The common pleas court determined that the pertinent part-petitions violated R.C. 3501.38(E)(1) and ordered the parties to submit a complete list of circulators not employed by the American Cancer Society who had falsely listed the society as their employer.

{¶ 11} On May 25, 2006, the common pleas court issued an entry listing the 27 part-petitions invalidated by its May 4 decision. On May 31, the common pleas court entered judgment on its protest decisions. The common pleas court also ordered the boards of elections to revise their reports of valid signatures and reissue them to the Secretary based on the court's determination.

{¶ 12} The court of appeals stayed the common pleas court's judgment pending its resolution of the committee's appeal. On September 11, 2006, the court of appeals affirmed the common pleas court's May 2006 judgment and lifted the stay. In re Protest of Evans Against Initiative Petition Proposing Smoke Free Workplace Act, Franklin App. Nos. 06AP–539 through 06AP–548, 2006-Ohio-4690, 2006 WL 2590613. On October 12, 2006, we declined to accept for review the discretionary appeal by the committee and its members. In re Protest of Evans Against Initiative Petition Proposing Smoke Free Workplace Act, 111 Ohio St.3d 1422, 2006-Ohio-5314, 855 N.E.2d 89.

## Actions of the Secretary of State and the Boards of Elections

{¶ 13} On September 8, 2006, the Secretary issued Directive 2006–62 ordering the boards of elections to place the statewide smoke-free initiative on the November 7, 2006 election ballot as Issue 5.

{¶ 14} After the court of appeals affirmed the judgment of the common pleas court in the protest case and lifted its stay relating to the protest case on September 11, the boards of elections filed revised reports concerning the

number of valid signatures on the initial petition with the Secretary. On September 19, 2006, after he received the last of the revised reports, Assistant Secretary of State Monty Lobb mailed a letter to the committee members noting that the petition filed on November 17, 2005, contained an insufficient number of signatures for placement on the November 7, 2006 election ballot and that the committee would have to submit an additional 23,750 valid signatures within ten days to ensure placement on that ballot. In the letter, Lobb detailed the procedural history of the initiative petition since November 17, 2005.

{¶ 15} On September 28, 2006, the committee timely filed a second supplementary petition. The Secretary sent the part-petitions to the elections boards, and after receiving reports from most of the boards, he certified that the committee had submitted 25,486 additional valid signatures. On October 5, 2006, the Secretary found that the committee had filed a sufficient number of signatures to permit the placement of the proposed Smoke Free Workplace Act on the November 7, 2006 election ballot.

### Expedited Election Case

{¶ 16} On September 22, 2006, Evans filed this expedited election case for a writ of mandamus to compel the Secretary to perform his "ministerial function of (a) striking Issue 5 from the November 2006 ballot, (b) not tabulating any of the votes on Issue 5, (c) directing all of the county boards of elections to remove Issue 5 from the November 2006 ballot, and (d) directing all of the county boards of elections not to tabulate any of the votes on Issue 5." In his complaint, Evans contends that because the committee's initial filing was found to have had an insufficient number of signatures, the subsequent transmittal to the General Assembly, supplementary filing, and placement on the ballot violate certain constitutional provisions. On September 27, we granted the motion of the committee and its members to intervene as additional respondents. *State ex rel. Evans v. Blackwell*, 110 Ohio St.3d 1486, 2006-Ohio-5001, 854 N.E.2d 506. The parties filed evidence and briefs pursuant to the expedited schedule for election cases set forth in S.Ct.Prac.R. X(9).

{¶ 17} This cause is now before the court for a consideration of the merits.

### Mandamus: Jurisdiction

{¶ 18} To be entitled to the requested writ, Evans must establish a clear legal right to have Issue 5 stricken from the election ballot, a corresponding clear legal duty on the part of the Secretary to strike the issue, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Marsalek v. S. Euclid City Council*, 111 Ohio St.3d 163, 2006-Ohio-4973, 855 N.E.2d 811, ¶ 8.

{¶ 19} "In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory

injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704.

{¶ 20} We have applied this jurisdictional rule to expedited election cases by examining the complaint to determine whether it actually seeks to prevent, rather than compel, official action. See, e.g., *State ex rel. Kuhar v. Medina Cty. Bd. of Elections,* 108 Ohio St.3d 515, 2006-Ohio-1079, 844 N.E.2d 1179, ¶ 7; *State ex rel. McCord v. Delaware Cty. Bd. of Elections,* 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 24–26.

{¶ 21} After examining Evans's complaint, we conclude that Evans actually seeks (1) a declaratory judgment that the Secretary's December 28, 2005 transmittal of the initiative petition to the General Assembly was improper and (2) a prohibitory injunction preventing the issue from being submitted to the electorate at the November 7, 2006 election and further preventing any votes from being tabulated. Evans's attempts to couch the terms of his mandamus claim in terms of compelling affirmative duties on the part of the Secretary, e.g., to strike or "remove" Issue 5 from the ballot, are unavailing. In *Whitman v. Hamilton Cty. Bd. of Elections,* 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 5, 9, we rejected a relator's similar inappropriate attempts to use mandamus to strike or remove a candidate's name from an election ballot. In *Evans,* 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025, at ¶ 19, we dismissed Evans's earlier mandamus claim challenging the Secretary's transmittal of the committee's initial petition proposing "The Smoke Free Workplace Act" to the General Assembly, holding, "Evans seeks relief in the nature of a declaratory judgment and prohibitory injunction, which both this court and the court of appeals lack jurisdiction to grant on a purported mandamus claim."

{¶ 22} This well-established precedent warrants dismissal of Evans's mandamus claim for lack of jurisdiction. *Kuhar,* 108 Ohio St.3d 515, 2006-Ohio-1079, 844 N.E.2d 1179.

{¶ 23} Evans could have filed an action for declaratory judgment and prohibitory injunction in the common pleas court in May 2006, immediately after it decided the protest case. Instead, he waited several months until after the court of appeals affirmed the common pleas court's judgment and then filed this action for extraordinary relief in mandamus.

{¶ 24} Admittedly, we have, at times, "recognized the propriety of using a writ of mandamus to enjoin [election officials] from performing the ministerial act of placing an issue on an election ballot." See *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 291, 649 N.E.2d 1205, citing *State ex rel. Bogart v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 554, 621

N.E.2d 389, and *State ex rel. Burech v. Belmont Cty. Bd. of Elections* (1985), 19 Ohio St.3d 154, 19 OBR 437, 484 N.E.2d 153.

{¶ 25} We have also previously granted writs of mandamus to compel the Secretary of State to strike proposed constitutional amendments from the ballot. *State ex rel. Minus v. Brown* (1972), 30 Ohio St.2d 75, 59 O.O.2d 100, 283 N.E.2d 131; *State ex rel. Roahrig v. Brown* (1972), 30 Ohio St.2d 82, 59 O.O.2d 104, 282 N.E.2d 584. Evans places special emphasis on *Minus* and *Roahrig* in his argument on the merits.

{¶ 26} Nevertheless, these cases are inapposite. Both *Minus* and *Roahrig* involved challenges to constitutional amendments proposed by joint resolution of the General Assembly to be submitted to electors, and Section 1, Article XVI of the Ohio Constitution specifically vests this court with "exclusive, original jurisdiction in all cases challenging the adoption or submission" of these proposed constitutional amendments. Therefore, in that type of case, this court—and not a common pleas court—must determine the propriety of the placement on the ballot of the constitutional amendment proposed by joint legislative resolution. By contrast, Section 1, Article XVI does not apply to proposed statewide initiatives like Issue 5. We do not have exclusive original jurisdiction over challenges to the submission of proposed statewide initiatives that propose a law like The Smoke Free Workplace Act.

{¶ 27} Moreover, in *Thurn*, 72 Ohio St.3d at 291, 649 N.E.2d 1205, we held that prohibition—and not mandamus—was the appropriate remedy when the statutory protest procedure under R.C. 3501.39 was available. Id. ("Yet R.C. 3501.39 provides for a written protest to be filed against any petition * * * for the holding of an election on any issue and requires a hearing and determination on the protest. * * * [M]andamus does not lie"). Most of the cases cited by Evans predated the enactment of this general protest procedure.

{¶ 28} In summary, we lack jurisdiction to consider the merits of Evans's purported mandamus claim because it is actually a claim for declaratory and injunctive relief. Dismissal is thus justified.

### Mandamus: Failure to Comply with S.Ct.Prac.R. X(4)(B)

{¶ 29} Dismissal is also warranted because of Evans's failure to comply with S.Ct.Prac.R. X(4)(B), which provides that affidavits supporting an original action other than habeas corpus filed in this court must be made on personal knowledge:

{¶ 30} "All complaints shall contain a specific statement of facts upon which the claim for relief is based, shall be supported by an affidavit of the relator or counsel specifying the details of the claim, and may be accompanied by a memorandum in support of the writ. *The affidavit required by this division shall be made on personal knowledge,* setting forth facts admissible in evidence,

and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit." (Emphasis added.)

{¶ 31} "We have routinely dismissed original actions, other than habeas corpus, that were not supported by an affidavit expressly stating that the facts in the complaint were based on the affiant's personal knowledge." *State ex rel. Hackworth v. Hughes,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24; *State ex rel. Tobin v. Hoppel,* 96 Ohio St.3d 1478, 2002-Ohio-4177, 773 N.E.2d 554; *State ex rel. Shemo v. Mayfield Hts.* (2001), 92 Ohio St.3d 324, 750 N.E.2d 167.

{¶ 32} Evans claims that dismissal is not warranted here because his lead counsel's verification attached to his complaint satisfied the S.Ct.Prac.R. X(4)(B) affidavit requirement. In the notarized affidavit, Evans's counsel stated that the factual allegations set forth in the complaint "are true and correct to the best of his knowledge." This verification, however, does not comply with the S.Ct. Prac.R. X(4)(B) personal-knowledge requirement. See *Hackworth,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24 ("The affidavit attached to Hackworth's complaint, in which one of his attorneys stated that the facts in the complaint were 'true and accurate to the best of her knowledge and belief,' does not comply with S.Ct.Prac.R. X(4)(B)").

{¶ 33} Moreover, Evans erroneously asserts that the respondents waived this claim because they raised it in their answers instead of in a motion to dismiss. Motions to dismiss, like most other procedural motions, are inappropriate in expedited election cases filed in this court. *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 111, 712 N.E.2d 696; *Hackworth,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 20.

{¶ 34} In addition, unlike the relator in *Hackworth,* id. at ¶ 25–26, Evans, once he was notified by respondents of this defect, did not seek leave to amend his mandamus complaint to correct the defective affidavit. Therefore, dismissal is also appropriate on this basis.

## Conclusion

{¶ 35} Based on the foregoing, because we lack jurisdiction over Evans's ill-disguised claims for declaratory judgment and prohibitory injunction and because Evans did not comply with S.Ct.Prac.R. X(4)(B), we dismiss the cause. The dismissal renders moot Evans's mandamus claim and respondents' arguments concerning laches, res judicata, and failure to exhaust administrative remedies. *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 33.

Cause dismissed.

Moyer, C.J., Pfeifer, Lundberg Stratton, O'Connor and Lanzinger, JJ., concur.

Resnick and O'Donnell, JJ., not participating.

Bricker & Eckler, L.L.P., Quintin F. Lindsmith, Anne Marie Sferra, and Vladimir P. Belo, for relator.

Langdon & Hartman, L.L.C., David R. Langdon, Curt C. Hartman, and Joshua B. Bolinger, for respondent.

The McTigue Law Group, Donald S. McTigue and Mark A. McGinnis, for intervening respondents.