THE STATE EX REL. COMMITTEE FOR THE Charter Amendment FOR AN ELECTED LAW DIRECTOR ET AL. *v.* CITY OF BAY VILLAGE ET AL.

[Cite as *State ex rel. Commt. for the Charter Amendment for an Elected Law Director v. Bay Village,* 115 Ohio St.3d 400, 2007-Ohio-5380.]

(No. 2007–1687—Submitted October 2, 2007—Decided October 8, 2007.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of mandamus to compel a city, its city council, and the clerk of council to submit a proposed charter amendment to the electorate at the November 6, 2007 election. Because relators failed to comply with the personal-knowledge requirement of S.Ct.Prac.R. X(4)(B), we dismiss the cause.

{¶ 2} Relators Lucian A. Dade, Karen Dade, and Eric Hansen are electors, residents, and taxpayers of respondent city of Bay Village, Ohio. The individual relators formed a committee and decided to circulate and file a petition proposing a charter amendment. Relator Committee for the Charter Amendment for an Elected Law Director is the committee formed by the individual relators.

{¶ 3} On August 29, 2007, the committee filed with respondent Joan T. Kemper, the clerk of council for the city of Bay Village, a petition containing 46 part-petitions and 907 signatures. The petition requested that respondent Bay Village City Council enact an ordinance to submit a proposed charter amendment to the electorate. The amendment is entitled "A Proposed Charter Amendment to provide for the election of the Director of Law by the electorate, and to provide for the office of the Director of Law by amending Sections 4.2, 4.3, and 11.2 of the Bay Village City Charter."

{¶ 4} On September 6, 2007, the city council held a special meeting to consider the petition and vote on an ordinance to submit the proposed charter amendment to the electorate at the November 6, 2007 election. The council defeated the ordinance and refused to submit the proposed charter amendment to the electorate at the November 6, 2007 election.

{¶ 5} On September 10, relators, the committee and its three members, filed this expedited election action for a writ of mandamus to compel respondents, Bay Village, the clerk of council, and the city council, to submit the proposed charter amendment to the electorate at the November 6, 2007 general election. Relators filed an affidavit of their counsel with the complaint. Respondents filed an answer, and the parties filed evidence and briefs.

{¶ 6} This cause is now before the court for its consideration of relators' mandamus claim.

### S.Ct.Prac.R. X(4)(B)

{¶ 7} Respondents contend that this case should be dismissed because relators failed to comply with S.Ct.Prac.R. X(4)(B), which provides that affidavits supporting an original action other than habeas corpus filed in this court must specify the details of the claim, set forth facts admissible in evidence, and be made on personal knowledge:

{¶ 8} "All complaints shall contain a specific statement of facts upon which the claim for relief is based, shall be supported by an affidavit of the relator or counsel specifying the details of the claim, and may be accompanied by a memorandum in support of the writ. The affidavit required by this division shall be made on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit."

{¶ 9} Relators supported their complaint in mandamus with their counsel's affidavit, in which he stated that he had read and reviewed the complaint and that based upon his "personal knowledge and information the fact[ ] statements and claims" contained in the complaint "are true and correct." Relators' counsel also stated that based on his "personal knowledge and information," the exhibits attached to the complaint "are true and accurate copies of the originals." The entire affidavit was prefaced by the statement that counsel upon his "own personal information and knowledge, depose and state as follows."

{¶ 10} Concerning the personal-knowledge requirement of S.Ct.Prac.R. X(4)(B), we have long held that affidavits required in original actions filed in this court must be based on personal knowledge. See, e.g., *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 538, 740 N.E.2d 252. Even before S.Ct.Prac.R. X(4)(B) expressly required that affidavits supporting the claim be

based on the affiant's personal knowledge, we dismissed original actions that did not include affidavits with a statement to that effect. See, e.g., *State ex rel. Shemo v. Mayfield Hts.* (2001), 92 Ohio St.3d 324, 750 N.E.2d 167. Although we dismissed most of these preamendment cases without prejudice, Justice Pfeifer cautioned that future violations of S.Ct.Prac.R. X(4)(B) may be subject to dismissal with prejudice:

{¶ 11} "However, I would further caution relators, as well as other prospective relators, that future violations of S.Ct.Prac.R. X(4)(B) may be subject to dismissal with prejudice. * * * This case should provide prospective relators with sufficient warning regarding the potential consequences of not *fully complying* with the affidavit requirement of S.Ct.Prac.R. X(4)(B). Much like an umpire giving a pitcher a warning that the next pitch aimed at a batter's head may lead to his ejection, attorneys are similarly warned here." (Emphasis sic.) Id. at 325, 750 N.E.2d 167 (Pfeifer, J., concurring).

{¶ 12} Effective August 1, 2002, S.Ct.Prac.R. X(4)(B) was amended to incorporate the court's construction of the previous version of the rule to specify that the affidavit required must be made on personal knowledge. 95 Ohio St.3d CXXXVI. Following this amendment, we reiterated that " '[w]e have routinely dismissed original actions, other than habeas corpus, that were not supported by an affidavit expressly stating that the facts in the complaint were based on the affiant's personal knowledge.' " *State ex rel. Evans v. Blackwell,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 31, quoting *State ex rel. Hackworth v. Hughes,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24. In *Evans,* we held that an affidavit of relator's counsel did not comply with the S.Ct.Prac.R. X(4)(B) personal-knowledge requirement because it stated that the facts in the complaint were " 'true and correct to the best of his knowledge.' " Id. at ¶ 32. In *Hackworth,* the affidavit of relator's attorney stated that the facts in the complaint were " 'true and accurate to the best of her knowledge and belief.' " Id. at ¶ 24. Both *Evans* and *Hackworth* were expedited election cases.

{¶ 13} As respondents contend, relator's counsel's affidavit stating that the statements and claims contained in the complaint are "true and correct" based on the attorney's "personal knowledge and information" or "personal information and knowledge" does not fully comply with S.Ct.Prac.R. X(4)(B) because it is not clear which allegations are based on personal knowledge and which allegations are based simply on information. That is, under this affidavit language, one paragraph of relators' 66–paragraph complaint could be based on personal knowledge and the remaining 65 paragraphs could be based on information. Although relators claim that the intent of the phrases "personal information and knowledge" and "personal knowledge and information" in their counsel's affidavit was to make the adjective "personal" apply to both knowledge and information,

and that in applying the common usage of the terms, they are synonymous, relators' counsel could have avoided any problem with the affidavit by simply amending the affidavit to state that it was based solely on his "personal knowledge." The fact that he did not seek leave to do so implies that he could not swear that every pertinent allegation necessary to support the mandamus claim was, in fact, based on his personal knowledge.

{¶ 14} Consistent with *Evans, Hackworth,* and S.Ct.Prac.R. X(4)(B), we dismiss this cause because although respondents notified relators of this defect in both their answer to relators' complaint and in their merit brief, relators failed to seek leave to amend their mandamus complaint to correct the affidavit. See, e.g., *Evans,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 34. We recognize that "the fundamental tenet of judicial review in Ohio is that courts should decide cases on their merits." See *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 505, 756 N.E.2d 1228. But because our longstanding legal construction of S.Ct.Prac.R. X(4)(B) demands dismissal, we will not create an exception to that precedent.

Cause dismissed.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting.

{¶ 15} It is well established that "the fundamental tenet of judicial review in Ohio is that courts should decide cases on their merits." *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 505, 756 N.E.2d 1228. I believe that the affidavit in this case meets the personal-knowledge requirement in S.Ct.Prac.R. X(4)(B) and that the majority's interpretation is too technical. Consequently, I respectfully dissent from the decision to dismiss, and I would consider the case on the merits.

{¶ 16} This case is not like *State ex rel. Evans v. Blackwell,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, or *State ex rel. Hackworth v. Hughes,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, in which the affiants attested, respectively, that the documents were "true and correct to the best of his knowledge" and "true and accurate to the best of her knowledge and belief." These phrases do not reflect personal knowledge gained through firsthand observation or experience. Rather, the phrases attested to by the affiants in *Evans* and *Hackworth* merely express a belief based on what someone else said or based on secondhand information that the affiants believed to be true. For

those reasons, the affidavits did not comply with S.Ct.Prac.R. X(4)(B), and dismissal was appropriate.

{¶ 17} Here, relators' counsel used the requisite phrase "personal knowledge." I do not believe that the reference to "information" or "personal information" removes the affidavit from compliance with the personal-knowledge requirement of S.Ct.Prac.R. X(4)(B). As written, the adjective "personal" applied to both the affiant's knowledge and his information. In the common usage of the terms, they are synonymous. One accepted definition of "information" is "knowledge of a particular event or situation." Webster's Third New International Dictionary (1986) 1160.

{¶ 18} The majority places significance on the fact that relators' counsel did not seek leave to amend his affidavit. However, it is likely that counsel believed that the affidavit complied with the rule and that it was unnecessary to move to amend merely to delete the word "information" when the affidavit included the requisite phrase "personal knowledge." The fact that the affiant included the additional, but unnecessary, word "information" should not defeat the affidavit's validity.

{¶ 19} The majority's interpretation is a new construction of the rule. Because relators' counsel did use the phrase "personal knowledge" in his affidavit, applying this new interpretation to dismiss the relators' complaint in this case is unfair. To avoid unfairness, I believe that the court should prospectively apply this interpretation and caution attorneys that in future cases, this language will not be held to fully comply with S.Ct.Prac.R. X(4)(B), and the case will be subject to dismissal with prejudice.

{¶ 20} Consequently, I respectfully dissent and would consider the case on the merits.

PFEIFER, J., concurs in the foregoing opinion.

---

Phillips & Co., L.P.A., and Gerald W. Phillips, for relators.

Taft, Stettinius & Hollister, L.L.P., Stephen M. O'Bryan, Patrick J. Krebs, and Majeed G. Makhlouf; and The McTigue Law Group, Donald J. McTigue, and Mark A. McGinnis, for respondents.