4

THE STATE, EX REL. HAWKINS, *v.* CUYAHOGA COUNTY BOARD
OF ELECTIONS.

[Cite as State, ex rel. Hawkins, v. Board of Elections
(1971), 28 Ohio St. 2d 4.]

(No. 71-580—Decided October 6, 1971.)

Mr. *Albert L. Purola*, for relator.

Mr. *John T. Corrigan*, prosecuting attorney, and Mr. *John L. Dowling*, for respondent.

*Per Curiam.* R. C. 3513.261 states, in pertinent part: "A nominating petition may consist of one or more separate petition papers * * *. If the petition consists of more than one separate petition paper, the statement of candidacy of the candidate named *need* be signed by the candidate and his affidavit thereto *need* be subscribed by him and executed *on* only *one* of such separate petition papers, but the statement of candidacy so signed, subscribed, and executed, shall be copied on each other separate petition paper before the signatures of electors are placed thereon." (Emphasis added.)

Relator contends that he has substantially complied with R. C. 3513.261, and therefore has a right to the relief sought. He relies particularly on *State, ex rel. Kroeger,* v. *Leonard* (1949), 151 Ohio St. 197, and *Stern* v. *Board of Elections* (1968), 14 Ohio St. 2d 175, both of which discuss substantial compliance. *Kroeger*, however, affirmed the Court of Appeals which had denied a writ of mandamus because the circulator's oath did not indicate his membership in a political party, noting that the board of elections did not violate "a plain legal duty by refusing the petitions." In *Stern*, relator sought removal of names from the ballot by injunction because of a defective jurat. There, the board had approved the petitions, and, further, this court was not faced with the "plain legal duty" requirements of mandamus.

Respondent relies essentially on *State, ex rel. Ferguson,* v. *Brown* (1962), 173 Ohio St. 317, which we feel is dispositive of the case at bar. At page 319, the court stated:

"* * * such declaration may be an *original one* at the

head of *each* petition paper circulated, signed by the candidate individually * * * or there may be a *single complete original declaration* with identical copies thereof heading all other separate nominating petition papers * * *." (Emphasis added.)

Since relator failed to timely file his petition containing at least one originally signed and notarized statement of candidacy, as the statute requires, respondent is not under a clear legal duty to place his name on the ballot.

The respondent's motion to dismiss is sustained and the writ is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CORRIGAN and LEACH, JJ., concur.

SCHNEIDER, DUNCAN and STERN, JJ., dissent.

SCHNEIDER, J., dissenting. *Ferguson* (173 Ohio St. 317) involved clearly defective declarations of candidacy and petitions. Even so, the *per curiam* language of *Ferguson,* as quoted in the majority opinion in this case, does not require the result reached here. No statute and no judicial language presented to us forbids the use of identical copies of an original declaration or requires the original to be filed.

DUNCAN and STERN, JJ., concur in the foregoing dissenting opinion.