THE STATE EX REL. RUST *v.* LUCAS COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Rust v. Lucas Cty. Bd. of Elections,*
100 Ohio St.3d 214, 2003-Ohio-5643.]

(No. 2003–1756—Submitted October 21, 2003—Decided October 23, 2003.)

**Per Curiam.**

{¶ 1} On August 21, 2003, relator, attorney John G. Bull Dog Rust, filed with respondent, Lucas County Board of Elections, his nominating petition, including a statement of candidacy, to be a candidate for the Toledo Board of Education. The board of elections rejected the petition because it did not include a statement of candidacy bearing Rust's original notarized signature. On September 12, 2003, Rust submitted to the board of elections a written protest and request to reconsider its decision. On September 16, 2003, the board of elections denied Rust's protest.

{¶ 2} On September 22, 2003, Rust filed a complaint in the Lucas County Court of Common Pleas for a writ of mandamus to compel the board of elections to certify him as a candidate for the Toledo Board of Education. On October 2, 2003, the common pleas court denied the writ.

{¶ 3} On October 6, 2003, Rust filed this action, also for a writ of mandamus, to compel the board of elections to certify him as a board of education candidate at the November 4, 2003 election. After the board of elections moved to dismiss, Rust filed a motion to change the case caption and a memorandum of law in support of his mandamus claim.

{¶ 4} This cause is now before us for a consideration of the merits.

### R.C. 2731.04 and 3513.263

{¶ 5} The board of elections initially asserts that this case should be dismissed because Rust did not comply with R.C. 2731.04 when he instituted this action in his own name rather than in the name of the state on his relation. The board of elections also contends that this court lacks jurisdiction over Rust's mandamus

claim because he failed to file a timely protest under R.C. 3513.263. These initial assertions are meritless.

{¶ 6} After the board of elections raised the issue of the R.C. 2731.04 defect in its motion to dismiss, Rust moved to amend his case caption to specify that this action is being brought in the name of the state on his relation. Given the precedent favoring liberal amendment of pleadings and the resolution of cases on their merits rather than upon pleading deficiencies, we grant Rust's motion and deny the board's request to dismiss the case on this ground. *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 533, 653 N.E.2d 349.

{¶ 7}Moreover, Rust did not violate R.C. 3513.263 when he filed his protest. This statute provides, "Written *protests against such nominating petitions* may be filed by any qualified elector eligible to vote for the candidate whose nominating petition he objects to, not later than the sixty-fourth day before the general election." (Emphasis added.) The specified time limit applies only to protests filed *against* a nominating petition. Rust did not protest his own petition. Therefore, we consider the merits of Rust's mandamus claim.

## Mandamus

{¶ 8} Rust asserts that he is entitled to a writ of mandamus to compel the board of elections to certify his candidacy for the Toledo Board of Education on the November 4, 2003 election ballot. Rust's claim is meritless for the following reasons.

{¶ 9} First, his mandamus action is barred by res judicata. " 'Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit.' " *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77–01 v. Lorain Cty. Bd. of Elections,* 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 32, quoting *Hughes v. Calabrese,* 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12. Rust has already litigated his mandamus claim in his previous common pleas court case.

{¶ 10} Second, Rust failed to substantially comply with R.C. 3513.261, which required him to "timely file his petition containing at least one originally signed and notarized statement of candidacy." *State ex rel. Hawkins v. Cuyahoga Cty. Bd. of Elections* (1971), 28 Ohio St.2d 4, 6, 57 O.O.2d 63, 274 N.E.2d 563; *State ex rel. Boeckman v. Franklin Cty. Bd. of Elections* (1995), 73 Ohio St.3d 1447, 654 N.E.2d 983.

{¶ 11} Finally, Rust's assertion that he was misled by board of elections officials does not require a different conclusion. See *State ex rel. Barletta v. Fersch,* 99 Ohio St.3d 295, 2003-Ohio-3629, 791 N.E.2d 452, ¶ 19, quoting *State ex rel. Ditmars v. McSweeney* (2002), 94 Ohio St.3d 472, 476, 764 N.E.2d 971

(" 'Estoppel does not apply against election officials in the exercise of governmental functions' ").

{¶ 12} Therefore, we deny the writ.

Writ denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

John G. Bull Dog Rust, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, John A. Borell and Lance M. Keiffer, Assistant Prosecuting Attorneys, for respondent.