Weston, Hurd, Fallon, Paisley & Howley, L.L.P., and Shawn W. Maestle, for appellant.

THE STATE EX REL. RUST *v.* LUCAS COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Rust v. Lucas Cty. Bd. of Elections,* **101 Ohio St.3d 63, 2004-Ohio-9.**]

(No. 2003–1756—Submitted December 1, 2003—Decided January 14, 2004.)

**Per Curiam.**

{¶ 1} On October 23, 2003, we denied the request of relator, attorney John G. "Bull Dog" Rust, for a writ of mandamus to compel respondent, Lucas County Board of Elections, to certify him as a candidate for the Toledo Board of Education at the November 4, 2003 election. *State ex rel. Rust v. Lucas Cty. Bd. of Elections,* 100 Ohio St.3d 214, 2003-Ohio-5643, 797 N.E.2d 1254. We held that Rust was not entitled to the writ because (1) res judicata barred his mandamus

action, (2) he failed to substantially comply with R.C. 3513.261, and (3) the board of elections was not estopped from rejecting his petition. Id. at ¶ 9–11.

{¶ 2} This cause is now before the court upon Rust's motion for reconsideration.

{¶ 3} Under S.Ct.Prac.R. XI, we are authorized to " 'correct decisions which, upon reflection, are deemed to have been made in error.' " *Buckeye Community Hope Found. v. Cuyahoga Falls* (1998), 82 Ohio St.3d 539, 541, 697 N.E.2d 181, quoting *State ex rel. Huebner v. W. Jefferson Village Council* (1995), 75 Ohio St.3d 381, 383, 662 N.E.2d 339; see, also, *State ex rel. Shemo v. Mayfield Hts.*, 96 Ohio St.3d 379, 2002-Ohio-4905, 775 N.E.2d 493, ¶ 5.

{¶ 4} Upon consideration, we find Rust's motion to be meritless. Res judicata barred his mandamus action, and he did not substantially comply with R.C. 3513.261 when he failed to file at least one originally signed statement of candidacy.

{¶ 5} Nevertheless, we take this opportunity to sua sponte correct an error in part of the language in *Rust.* In our opinion, we stated that "Rust failed to substantially comply with R.C. 3513.261, which required him to 'timely file his petition containing at least one originally signed *and notarized* statement of candidacy.' " (Emphasis added.) *Rust,* 100 Ohio St.3d 214, 2003-Ohio-5643, 797 N.E.2d 1254, ¶ 10, quoting *State ex rel. Hawkins v. Cuyahoga Cty. Bd. of Elections* (1971), 28 Ohio St.2d 4, 6, 57 O.O.2d 63, 274 N.E.2d 563, which construed a former version of R.C. 3513.261.

{¶ 6} The notarization requirement is no longer part of R.C. 3513.261. In *Hawkins,* 28 Ohio St.2d at 5, 57 O.O.2d 63, 274 N.E.2d 563, we quoted a former version of R.C. 3513.261 in effect at the time that required candidates to file an affidavit with the statement of candidacy. Am.Sub.H.B. No. 370, 130 Ohio Laws, 834, 1706. The General Assembly subsequently repealed this affidavit requirement. Am.Sub.H.B. No. 662, 135 Ohio Laws, Part II, 784, 829. Therefore, in order to substantially comply with the current version of R.C. 3513.261, the statement of candidacy required by the statute need not be notarized.

{¶ 7} The nominating petition must still contain at least one originally signed statement of candidacy. R.C. 3513.261 ("If the petition consists of more than one separate petition paper, the statement of candidacy of the candidate or joint candidates named need be signed by the candidate or joint candidates on only one of such separate petition papers, but the statement of candidacy so signed shall be copied on each other separate petition paper before the signatures of electors are placed on it"); *Hawkins,* 28 Ohio St.2d at 6, 57 O.O.2d 63, 274 N.E.2d 563.

Because Rust's nominating petition did not contain at least one originally signed statement of candidacy, the board of elections properly rejected his petition.

{¶ 8} Based on the foregoing, we deny Rust's motion for reconsideration.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.