DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which, on October 3, 2003, found the complaint for mandamus filed by appellant, John G. Bull Dog Rust, against the Lucas County Board of Elections, not well-taken and dismissed appellant's action. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On appeal, appellant raises the following sole assignment of error:
 {¶ 3} "The Lucas County Court of Common Pleas committed reversible error by its opinion and judgment entry, journalized on October 3, 2003, denying plaintiff's complaint for mandamus, and dismissing plaintiff's action."
 {¶ 4} In order to obtain a writ of mandamus, appellant must have a clear legal right to the relief prayed for, appellee must be under a clear legal duty to perform the requested act, and appellant must have no plain and adequate remedy at law. SeeState ex rel. Westchester Estates, Inc. v. Bacon (1980),61 Ohio St.2d 42, 44, citing, State ex rel. Harris v. Rhodes
(1978), 54 Ohio St.2d 41.
 {¶ 5} On August 21, 2003, appellant filed nominating petitions with the Lucas County Board of Elections in an effort to be a candidate, in November 2003, for the Toledo Board of Education. The board of elections rejected appellant's petition because it did not include a statement of candidacy bearing appellant's original notarized signature. On October 23, 2003, the Ohio Supreme Court, in deciding a writ of mandamus filed by appellant against the board of elections on this identical issue, held that appellant" failed to substantially comply with R.C.3513.261, which required him to `timely file his petition containing at least one originally signed and notarized statement of candidacy.'" State ex rel. Rust v. Lucas Cty. Bd. ofElections, 100 Ohio St.3d 214, 2003-Ohio-5643, ¶ 9.
 {¶ 6} Accordingly, we find that the issue raised in appellant's action for mandamus in the Lucas County Court of Common Pleas has already been determined by the Ohio Supreme Court. Based on the ruling by the Ohio Supreme Court, we find that appellant does not have a clear legal right to the relief prayed for in his complaint for mandamus. We therefore find that the trial court correctly dismissed appellant's action. Appellant's sole assignment of error is found not well-taken.
 {¶ 7} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., concur.