DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff/Appellant, Dean Bethel, appeals from the decision of the Ross County Common Pleas Court denying his request for declaratory judgment and a writ of mandamus ordering Appellee to promote him to the position of Assistant Fire Chief and ordering Appellee to provide retroactive back pay benefits, as well as seniority.
 {¶ 2} We note that Appellant requests alternate or cumulative remedies in the form of a request for declaratory judgment and a writ of mandamus. R.C. 2721.02 provides for declaratory judgment and states, in pertinent part, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." The court in State ex rel. Huntington Insurance Agency, Inc. v. Duryee,Superintendent, 73 Ohio St.3d 530, 1995-Ohio-337, 653 N.E.2d 349, infra, citing R.C. 2731.05, stated that "[a] writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law," and further, that "for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial and speedy." citing Stateex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 592, 639 N.E.2d 1189. We mention this authority because it is important to our consideration of the remedies sought by Appellant. According to the foregoing authority, a writ of mandamus should not be granted if there is an adequate, alternative remedy. Here, Appellant requests the alternative remedies of declaratory judgment and a writ of mandamus.
 {¶ 3} We are of the opinion that based on the facts sub judice, a declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of a mandatory injunction, or writ of mandamus. As Huntington Ins., supra, provides, [a] declaratory action, which merely announces the existence of a duty to be performed, has generally not been deemed as adequate as the writ of mandamus, which compels performance." Citations omitted. Based on this reasoning, we find the question of whether the request for declaratory judgment was correctly decided to be irrelevant in light of the fact that absent a corresponding grant of a writ of mandamus, there is no real power to order performance. While declaratory judgment may clarify and define specific rights, mandamus provides the teeth to effectively resolve the matter. A writ of mandamus was, therefore, the appropriate form of relief to request in this scenario.
 {¶ 4} However, as a preliminary and ultimately dispositive matter, we must address whether Appellant's mandamus action should be dismissed for failure to comply with R.C. 2731.04, which provides "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice." (Emphasis added). Appellant brought his initial complaint and subsequently the current appeal in his own name, rather than in the name of the state, as required by R.C. 2731.04.
 {¶ 5} "`A writ of mandamus may be denied where the action is not brought in the name of the state on the relation of the person requesting the writ'." Gallia County Veterans Service Commission, et al. v. GalliaCounty Board of County Commissioners, et al. (March 6, 1996), Gallia App. No. 95CA13, 1996 WL 103812, citing State ex rel. Huntington Ins.Agency, Inc. v. Duryee (1995), 73 Ohio St.3d 530, 532, 1995-Ohio-337,653 N.E.2d 349, citing Maloney v. Sacks (1962), 173 Ohio St. 237, 238,181 N.E.2d 268; See, also, Maloney v. Court of Common Pleas of AllenCounty (1962), 173 Ohio St. 226, 227, 181 N.E.2d 270 and Gannon v.Gallagher (1945), 145 Ohio St. 170, 171, 60 N.E. 2d 666. In Gallia, the Appellees did not object to the statutory violation nor did they assign the violation as an error for this court to review. As such, we evaluated whether the defect was jurisdictional or was waived, finally determining that a waiver existed due to the failure to object to the defect, which ultimately would have allowed the defect to have been cured at the lower court level.
 {¶ 6} More recently, the Supreme Court of Ohio addressed the issue presented in the case sub judice in Blankenship et al. v. Blackwell,Secy. of State et al., 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382. In Blankenship, the court reasoned that "when a failure to comply with R.C. 2731.04 is raised and relators file a motion for leave to amend the caption of the complaint to specify that the mandamus action is brought in the name of the state on their relation, [the court has] granted leave to amend so as to resolve cases on the merits rather than on a pleading deficiency." citing State ex rel. Rust v. Lucas Cty. Bd. of Elections,100 Ohio St.3d 214, 2003-Ohio-5643, 797 N.E.2d 1254, ¶ 6; See, also,Huntington Ins., supra. The court further reasoned that "[i]f, however, a respondent in a mandamus action raises this R.C. 2731.04 defect and relators fail to seek leave to amend their complaint to comply with R.C.2731.04, the mandamus action must be dismissed." Blankenship at ¶ 36, citing Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records
(1996), 75 Ohio St.3d 508, 664 N.E.2d 521. (Emphasis added).
 {¶ 7} Here, although Appellee did not separately assign this violation for our review, it objected to the R.C. 2731.04 violation in its April 1, 2004, brief when it brought to the trial court's attention Appellant's failure to meet the statutory requirements of R.C. 2731.04 and urged the court to deny the writ. Unfortunately, the trial court did not address this issue in its June 1, 2004, Journal Entry, nor did Appellant move for leave to file an amended complaint in conformance with the statutory requirements. As such, we find that Appellee did not waive this statutory defect and Appellant has made no effort to file an amended complaint. Thus, the current case is before us, obviously an appropriate scenario for a petition for mandamus, but failing to conform to the statutory requirements set forth in R.C. 2731.04. Accordingly, we hereby dismiss Appellant's appeal based on the foregoing authority.
Appeal dismissed.