THE STATE EX REL. REESE *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588.]

(No. 2007–1509—Submitted August 31, 2007—Decided September 7, 2007.)

———————

**Per Curiam.**

{¶ 1} This is an expedited election case for writs of mandamus and prohibition to prevent a county board of elections from placing the name of an incumbent judge as a candidate for judge of the Rocky River Municipal Court on the

November 6, 2007 general election ballot. Because the mandamus claim is actually a claim for declaratory and prohibitory relief, we dismiss it for lack of jurisdiction. In addition, because the prohibition claim lacks merit, we deny it.

{¶ 2} Maureen Adler Gravens has served as a judge of the Rocky River Municipal Court since January 1988. http://rrcourt.net/JudgeGravens.html. On May 2, 2007, Judge Gravens filed with respondent Cuyahoga County Board of Elections a statement of candidacy and nominating petition "to be a candidate for election to the office of judge in the Rocky River Municipal Court" at the next general election for the full term commencing January 1, 2008. Judge Gravens's petition form, which may be used by either independent or nonpartisan candidates for municipal court, did not contain a statement that she was either affiliated with a political party or was an independent or a nonpartisan candidate. According to the board, May 7, 2007, was the deadline for petitions to be an independent candidate for the Rocky River judicial race. The board did not list a filing deadline for nonpartisan candidates in the Rocky River judicial race.

{¶ 3} At the May 8, 2007 primary election, Judge Gravens voted in the Democratic Party primary as she had done previously in other primary elections. There was no partisan primary election on May 8 for judge of the Rocky River Municipal Court, since only one candidate had filed a party nominating petition.

{¶ 4} On May 29, 2007, the board of elections certified Judge Gravens as an independent candidate for municipal court judge at the November 6, 2007 general election. On June 19, relator, Deborah S. Reese, an elector qualified to vote in the municipal court race at the general election, sent a letter to the board challenging Judge Gravens's candidacy based on Ohio Secretary of State Advisory No. 2007–05, in which the secretary of state concluded that if an independent candidate votes in a party primary election after filing as an independent candidate, the candidate is affiliated with a political party, and the candidate's claim of independence was either not made in good faith or is no longer current. In addition to the secretary of state's advisory opinion, Reese relied on *Morrison v. Colley* (C.A.6, 2006), 467 F.3d 503, a federal case considered by the secretary of state in her advisory opinion.

{¶ 5} The board scheduled a hearing on Reese's protest and ordered Reese and Judge Gravens to submit briefs. In a subsequent letter, Reese specifically requested that Judge Gravens be disqualified as a candidate for judge at the general election because she "voted in the Democratic Primary election six days after declaring her candidacy as an Independent Candidate for Judge of the Rocky River Municipal Court."

{¶ 6} On August 6, the board held a hearing on Reese's protest. The evidence introduced at the hearing included Judge Gravens's affidavit in which she stated that she is a nonpartisan candidate for municipal court judge. Judge Gravens

also introduced a form filed in February 2007, in which she designated her campaign treasurer and specified that she is a nonpartisan rather than a partisan or an independent candidate. The board, by a 3–0 vote with one member not participating, denied the protest and amended its previous certification to reflect that Judge Gravens is a nonpartisan candidate rather than an independent candidate for municipal court judge.

{¶ 7} On August 13, Reese filed this expedited election case for writs of mandamus and prohibition to either order respondents, the board of elections and its members, to cancel certification of Judge Gravens's petition or to prohibit them from placing Judge Gravens's name on the ballot as a candidate for Rocky River Municipal Court judge at the November 6, 2007 general election. The board and its members filed an answer and a motion to dismiss or for judgment on the pleadings, and the parties submitted evidence and briefs pursuant to the expedited schedule in S.Ct.Prac.R. X(9). Reese's reply brief was due on August 30, but none was filed.

{¶ 8} This cause is now before the court for consideration of the merits.

## Motion to Dismiss or for Judgment on the Pleadings

{¶ 9} We deny the board and its members' motion to dismiss or for judgment on the pleadings. These motions are inappropriate in expedited election cases because "[u]nder S.Ct.Prac.R. X(9), the presentation of evidence and briefs on the merits * * * is provided in lieu of a S.Ct.Prac.R. X(5) dismissal determination, making procedural motions normally inapplicable." *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 111, 712 N.E.2d 696; *State ex rel. N. Main St. Coalition v. Webb,* 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 20.

{¶ 10} Therefore, we proceed to a determination of Reese's mandamus and prohibition claims.

## Mandamus

{¶ 11} Reese requests a writ of mandamus to compel the board of elections to cancel its certification of Judge Gravens's candidacy.

{¶ 12} "It is axiomatic that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.'" *State ex rel. Obojski v. Perciak,* 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 13, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704.

{¶ 13} "We have applied this jurisdictional rule to expedited election cases by examining the complaint to determine whether it actually seeks to prevent, rather

than compel, official action." *State ex rel. Evans v. Blackwell,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20, citing *State ex rel. Kuhar v. Medina Cty. Bd. of Elections,* 108 Ohio St.3d 515, 2006-Ohio-1079, 844 N.E.2d 1179, ¶ 7, and *State ex rel. McCord v. Delaware Cty. Bd. of Elections,* 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 24–26.

{¶ 14} Although some of the allegations and requests contained in Reese's complaint are couched in terms of compelling affirmative duties, it is apparent that Reese actually seeks (1) a declaratory judgment that the board of elections' certification of Judge Gravens as a candidate for judge at the general election was improper and (2) a prohibitory injunction preventing Judge Gravens from appearing on the general election ballot. In fact, in her merit brief, Reese specifically requests "a writ of mandamus * * * to prevent Judge Maureen Adler Gravens * * * from appearing on the 2007 General Election Ballot for the position of Rocky River Municipal Court Judge." The relief that Reese requests is comparable to that sought by the relators in other election cases in which we held that we lacked jurisdiction over mandamus claims to remove candidates' names from the ballot. See *Whitman v. Hamilton Cty. Bd. of Elections,* 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 8–10; *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 537, 757 N.E.2d 319.

{¶ 15} Therefore, because Reese seeks relief in the nature of declaratory judgment and prohibitory injunction, we lack jurisdiction to consider her purported mandamus claim and dismiss it. *Evans,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 19.

## Prohibition

{¶ 16} Reese also requests a writ of prohibition to prevent the board of elections and its members from placing Judge Gravens's name on the general election ballot as a candidate for Rocky River Municipal Court judge. In order to be entitled to the writ, Reese must establish that (1) the board of elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Choices for South–Western City Schools v. Anthony,* 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 29.

{¶ 17} Reese has established the first requirement for the writ because the board of elections exercised quasi-judicial authority by denying her protest after conducting a hearing that included sworn testimony. Reese also established the third requirement for the writ because she lacks an adequate remedy in the ordinary course of law given the proximity of the election date. *State ex rel. Columbia Res. Ltd. v. Lorain Cty. Bd. of Elections,* 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 28. Despite the board's argument to the contrary,

"even if the board [has] already exercised its quasi-judicial power by denying [the] protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held." *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14.

{¶ 18} For the remaining requirement, the exercise of unauthorized power, "we must determine whether the board acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections,* 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23. Lacking any evidence of fraud or corruption here, Reese must establish that the board of elections abused its discretion or clearly disregarded applicable law by denying her protest and certifying the nonpartisan candidacy of Judge Gravens for the November 6, 2007 general election. " 'An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude.' " Id., quoting *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238.

A Person May Be a Nonpartisan Candidate for Municipal Court Judge Despite Voting in a Primary Election After Filing a Nominating Petition

{¶ 19} Reese claims that the board of elections abused its discretion and clearly disregarded applicable law by denying her protest and certifying Judge Gravens as a nonpartisan candidate for judge of the Rocky River Municipal Court at the November 6, 2007 general election. Reese asserts that the board clearly disregarded the applicable statutes as well as Secretary of State Advisory No. 2007–05.

{¶ 20} Municipal court judges are elected on a nonpartisan ballot for terms of six years. R.C. 1901.07(A); see R.C. 3505.04. Candidates for municipal court judge are generally nominated by either nominating petition or primary election. R.C. 1901.07(B). For nonpartisan candidates, "[i]f the jurisdiction of a municipal court extends beyond the corporate limits of the municipal corporation in which it is located * * *, nonpartisan candidates for the office of municipal court judge shall file nominating petitions not later than four p.m. of the day before the day of the primary election in the form prescribed by section 3513.261 of the Revised Code." R.C. 1901.07(B). The Rocky River Municipal Court has jurisdiction in Bay Village, Westlake, Fairview Park, North Olmsted, and Riveredge Township, in Cuyahoga County. R.C. 1901.02(B).

{¶ 21} The board of elections concluded that Judge Gravens qualified as a nonpartisan candidate for municipal court judge. Reese claims that the board of elections erred in this conclusion because the May 8 primary election for Rocky River Municipal Court judge was a partisan election, Judge Gravens does not meet the statutory definition of a nonpartisan candidate, and the board's original

certification of Judge Gravens as an independent candidate and its list of petition-filing deadline dates for 2007 provided uncontroverted evidence that Judge Gravens is an independent, rather than nonpartisan, candidate. Reese further claims that because Judge Gravens is an independent candidate, her participation in the May 8 Democratic Party primary election prevents her from being a candidate for municipal court judge at the general election based on Secretary of State Advisory No. 2007–05 and *Morrison.*

{¶ 22} Reese's claims lack merit. R.C. 1901.07(B) expressly authorizes nonpartisan candidates for municipal court judge regardless of whether there is also a primary election:

{¶ 23} "All candidates for municipal court judge may be nominated *either by nominating petition or by primary election* * * *.

{¶ 24} "If the jurisdiction of a municipal court extends beyond the corporate limits of the municipal corporation in which it is located * * *, all candidates for party nomination to the office of municipal court judge shall file a declaration of candidacy and petition not later than four p.m. of the seventy-fifth day before the day of the primary election * * *.

{¶ 25} "If the jurisdiction of a municipal court extends beyond the corporate limits of the municipal corporation in which it is located * * *, *nonpartisan candidates for the office of municipal court judge shall file nominating petitions not later than four p.m. of the day before the day of the primary election* in the form prescribed by section 3513.261 of the Revised Code." (Emphasis added.)

{¶ 26} Additionally, there was no partisan primary election held on May 8 for the office of Rocky River Municipal Court judge.

{¶ 27} Furthermore, Judge Gravens meets the definition of a nonpartisan candidate under R.C. 3501.01(J), which is "any candidate whose name is required, pursuant to section 3505.04 of the Revised Code, to be listed on the nonpartisan ballot, *including all candidates for judicial office,* for member of any board of education, for municipal or township offices in which primary elections are not held for nominating candidates by political parties, and for offices of municipal corporations having charters that provide for separate ballots for elections for these offices." (Emphasis added.) See also R.C. 3505.04 ("On the nonpartisan ballot shall be printed the names of all nonpartisan candidates for election to judicial office, office of member of the state board of education, office of member of a board of education, municipal or township offices for municipal corporations and townships in which primary elections are not held for nomination of candidates by political parties, and municipal offices of municipal corporations having charters which provide for separate ballots for elections for such municipal offices").

{¶ 28} Reese argues that the phrase "in which primary elections are not held for nominating candidates by political parties" modifies "all candidates for judicial office" in the R.C. 3501.01(J) definition of nonpartisan candidates so that once a primary election is held for judicial office, there can be no nonpartisan candidates.

{¶ 29} Reese's argument is flawed both legally and factually. "In construing statutes, 'our paramount concern is the legislative intent in enacting the statute.'" *State ex rel. Canales–Flores v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 25, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. "To discern this intent, we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage." *State ex rel. Choices for South–Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40.

{¶ 30} The cited language applies only to municipal or township offices and not judicial candidates. Reese's interpretation of R.C. 3501.01(J) ignores the commas separating these clauses, which makes them independent categories of nonpartisan candidates. See, e.g., *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.*, 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 27, citing Garner, A Dictionary of Modern Legal Usage (2d Ed.1995) 714, for the proposition that "a comma is used to separate items in a list of more than two." Nor is the office of judge of the Rocky River Municipal Court a municipal or township office because the court encompasses more than one municipality or township. R.C. 1901.02(B). Even if Reese's interpretation were correct, the uncontroverted evidence is that there was no partisan primary election held on May 8 for Rocky River Municipal Court judge.

{¶ 31} Moreover, the board's original certification of Judge Gravens as an independent candidate and its list of petition-filing deadline dates for 2007—which specifies the day before the May 8 primary election as the deadline for filing as an independent candidate and includes no date for filing as a nonpartisan candidate for the Rocky River judicial race—do not alter this conclusion. Insofar as the board's notice could be construed to preclude nonpartisan candidates for municipal court judge in Rocky River, it would conflict with the plain language of R.C. 1901.07(B). Any mistaken or erroneous statement in the board's original certification of Judge Gravens and its notice did not estop the board from later determining that Judge Gravens's petition was that of a nonpartisan candidate. See, e.g., *State ex rel. Moore v. Malone*, 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812, ¶ 40 (mistaken advice by the board of elections did not estop the board or the clerk of city council from invalidating a referendum petition); *State ex rel. Rust v. Lucas Cty. Bd. of Elections*, 100 Ohio St.3d 214, 2003-Ohio-5643, 797 N.E.2d 1254, ¶ 11 (board of elections not estopped from asserting defects in

nominating petition based on relator's assertion that he was misled by board of elections officials).

{¶ 32} In fact, notwithstanding Reese's argument to the contrary, the evidence was *not* undisputed on the issue of whether Judge Gravens filed her petition as an independent candidate for municipal court judge. Judge Gravens presented evidence that she filed her petition as a nonpartisan candidate by her affidavit as well as her form designating a campaign treasurer. "We will not substitute our judgment for that of a board of elections if there is conflicting evidence on an issue." *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 185, 724 N.E.2d 771; *State ex rel. Stine v. Brown Cty. Bd. of Elections,* 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶ 21.

{¶ 33} In addition, nothing in Judge Gravens's petition indicates that she requested to be considered an independent candidate rather than a nonpartisan candidate for municipal court judge. The petition form complied with R.C. 3513.261, as R.C. 1901.07(B) requires for nonpartisan candidates for municipal court judge. R.C. 1901.07(B) also requires petitions for nonpartisan candidates for municipal court judge to conform to the requirements provided for petitions for independent candidates in R.C. 3513.257. But satisfying these petition-form requirements does not make Judge Gravens an independent candidate. Although R.C. 3501.01(I) defines an "independent candidate" as "any candidate who claims not to be affiliated with a political party," the definition of a "nonpartisan candidate" does not require party nonaffiliation. See R.C. 3501.01(J). Finally, because Secretary of State Advisory No. 2007–05 precludes only independent candidacies when the prospective candidate has voted in a party-affiliated primary election after filing a petition to be an independent candidate, it is inapplicable to nonpartisan candidates like Judge Gravens. *Morrison,* the primary case cited in the advisory opinion and relied on by Reese, is similarly inapposite.

{¶ 34} Based on the foregoing, the board of elections neither abused its discretion nor clearly disregarded applicable law by denying Reese's protest and certifying Judge Gravens as a nonpartisan candidate for Rocky River Municipal Court judge at the November 6, 2007 general election. The board's decision is also consistent with our duty to liberally construe words limiting the right of a person to hold office in favor of those seeking to hold office so that the public may have the benefit of choice from all qualified persons. *State ex rel. Altiere v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 164, 165, 602 N.E.2d 613. Therefore, Reese is not entitled to the requested extraordinary relief in prohibition.

## Conclusion

{¶ 35} We dismiss Reese's mandamus claim because we lack jurisdiction over her ill-disguised claim for declaratory and prohibitory relief. Moreover, because

Reese has not established that she is entitled to the requested writ of prohibition, we deny the writ. By so holding, we need not address respondents' other contentions, e.g., that Reese failed to comply with S.Ct.Prac.R. X(4)(B) in filing her complaint and that Reese failed to make her protest based on her personal knowledge, as required by R.C. 3501.39. Nor do we address respondents' motion to strike, which is rendered moot by our disposition. See *State ex rel. Essig v. Blackwell*, 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 33.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

_____

Buckley King, L.P.A., Daniel P. Carter, and Jeffrey W. Ruple, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for respondents.