[Cite as *State ex rel. Ballog v. State Emp. Relations Bd.*, 2012-Ohio-4401.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97805**

---

# STATE OF OHIO EX REL. MELISSA BALLOG

RELATOR

vs.

# STATE EMPLOYMENT RELATIONS BOARD

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion Nos. 452138 and 456651
Order No. 458634

**RELEASE DATE:**    September 25, 2012

**ATTORNEYS FOR RELATOR**

Gerald R. Walton, Esq.
John J. Schneider, Esq.
Gerald R. Walton & Associates
2800 Euclid Avenue, Suite 320
Cleveland, Ohio 44115

**ATTORNEYS FOR RESPONDENT**

Michael DeWine, Esq.
Ohio Attorney General
By: Lori Weisman, Esq.
Assistant Attorney General
Labor Relations Section
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} Relator, Melissa Ballog, was terminated from her employment with the Cuyahoga Metropolitan Housing Authority ("CMHA") on March 24, 2010. Ballog was a member of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), Local 1355. The president of Local 1355 filed a grievance on Ballog's behalf and CMHA denied the grievance. Ultimately, Local 1355 and AFSCME Ohio Council 8 determined that the grievance did not have sufficient merit to appeal to arbitration, withdrew the appeal and did not appeal further.

{¶2} Ballog filed an unfair labor practice charge with respondent, State Employment Relations Board ("SERB"). She charged Ohio Council 8 and Local 1355 (collectively "the union") under R.C. 4117.11(B)(6) (failure "to fairly represent all public employees in a bargaining unit"). SERB dismissed the unfair labor practice charge for lack of probable cause to believe that the union violated R.C. 4117.11(B)(6) and as untimely. Ballog filed a motion for reconsideration supported by several documents including an affidavit of counsel. SERB denied the motion.

{¶3} Ballog commenced this action against SERB to challenge the propriety of the dismissal of the unfair labor practice charge. She requested that this court issue a writ of mandamus compelling SERB to: reinstate her unfair labor practice charge; issue a complaint against the union; and hold a hearing in accordance with R.C. Chapter 4117.[1]

---

[1] In Count Two of the complaint, she requested that this court issue a writ of

{¶4} SERB filed a motion for summary judgment, which Ballog opposed. Later, Ballog filed a motion for summary judgment (repeating almost verbatim her brief in opposition to SERB's motion for summary judgment). SERB opposed Ballog's motion for summary judgment and this court granted Ballog's request for leave to file a reply brief.

{¶5} CMHA employed Ballog as a Low Income Housing Eligibility Analyst. Her duties included interviewing individuals to determine if they were eligible for housing assistance programs. She also would enter information provided by the interviewee into CMHA's computer system.

{¶6} Ballog also participated in CMHA's Low Income Public Housing ("LIPH") program and was a resident at a CMHA-operated estate. She was on the waiting list for the Housing Choice Voucher Program ("HCVP" or "Section 8"). CMHA authorized Ballog to access certain aspects of the LIPH computer records, but did not authorize her to access Section 8 records.

{¶7} In the letter informing Ballog of her termination, CMHA's Human Resources Coordinator stated:

> Specifically, during the pre-disciplinary conference you admitted that on or about Thursday, February 25, 2010 you accessed your HCVP record without authorization. Further, after accessing your HCVP record, you deleted said record without authorization. Your conduct was dishonest,

---

mandamus compelling SERB to produce the investigatory file in her unfair labor practice charge, Case No. 2011-ULP-08-0218. The parties agree that this claim is moot.

inappropriate, and a gross conflict of interest. Your conduct as aforementioned cannot and will not be tolerated by the Authority.

{¶8} Ballog, however, states that she did not have the necessary "pass codes" to modify information in the Section 8 computer system. She denies that she deleted anything.

{¶9} It is well-established that mandamus is the remedy for challenging SERB's dismissal of an unfair labor practice charge for lack of probable cause. *See, e.g., State ex rel. Hall v. State Emp. Relations Bd.*, 122 Ohio St.3d 528, 2009-Ohio-3603, 912 N.E.2d 1120, ¶ 18. We must, therefore, determine whether SERB abused its discretion by dismissing Ballog's unfair labor practice charge. *Id.*

{¶10} Ballog challenges SERB's conclusion that no probable cause existed to believe that the union violated its duty to fairly represent her. *See* R.C. 4117.11(B)(6). That is, she contends that the union did not take certain basic and required steps necessary for fair representation. One of those steps is deciding whether to take a grievance to arbitration. *Hall, supra*, ¶ 26. Ballog argues that the union did not timely communicate to her the decision that her grievance did not have sufficient merit to warrant an appeal to arbitration.

{¶11} Her challenge to the union's procedures ignores what Ballog did while she was employed at CMHA. She admitted accessing her Section 8 record. Additionally, the SERB record includes correspondence from CMHA as well as a statement from a union staff representative indicating that Ballog stated during the Step 3 grievance hearing that she may have inadvertently deleted her name from the list.

**{¶12}** We must determine whether SERB abused its discretion by dismissing Ballog's unfair labor practice charge.

> A writ of mandamus will issue to correct an abuse of discretion by SERB to dismiss unfair labor practice charges. * * * An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. [*State ex rel. Leigh v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 143,] at 145, 666 N.E.2d 1128. *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853; and *State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp. Relations Bd.*, 102 Ohio St.3d 344, 2004-Ohio-3122, 810 N.E.2d 944. As a corollary, SERB cannot abuse its discretion based on evidence that was not properly before the board when it made its decision. Thus, the review of a SERB decision is limited to the facts as they existed at the time SERB made its decision, as shown by the SERB record. *Portage Lakes and State ex rel. Hall v. State Emp. Relations Bd.*, 122 Ohio St.3d 538, 2009-Ohio-3603, 912 N.E.2d 1120. Furthermore, the courts must give deference to SERB's findings and interpretation of R.C. Chapter 4117, and the court may not substitute its judgment for that of SERB, even if there is conflicting evidence on an issue. *State ex rel. Crumbley v. State Emp. Relations Bd.*, 8th Dist. No. 95299, 2011-Ohio-735, ¶ 6.

**{¶13}** Ballog insists that she not only did not, but could not, delete anything from the Section 8 computer system. Other aspects of the SERB record, however, reflect that Ballog herself indicated that she may have unintentionally deleted her record. Regardless, she accessed her Section 8 file without authorization.

**{¶14}** As *Crumbley* demonstrates, we must defer to SERB's findings. We have reviewed the SERB record and do not find that SERB's dismissal of Ballog's unfair labor practice charge was unreasonable, arbitrary, or unconscionable. Relief in mandamus is not, therefore, appropriate.

**{¶15}** Ballog also challenges SERB's finding that the filing of her unfair labor practice charge was untimely. The record before SERB includes a letter dated February

16, 2011, from the regional director of Ohio Council 8 to Ballog. The letter advised her that it had been determined that: her grievance did not have sufficient merit to warrant an appeal to arbitration; the union had taken steps to withdraw her grievance; and there would be no further appeal of her grievance.

{¶16} Ballog filed her unfair labor practice charge on August 10, 2011. "The board [SERB] may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board" except for persons serving in the armed forces. R.C. 4117.12(B). Clearly, Ballog filed her unfair labor practice charge more than 90 days after the date of the February 16, 2011 letter — the communication to Ballog of the purported unfair labor practice of refusing to take her grievance to arbitration.

{¶17} As mentioned above, after SERB dismissed Ballog's unfair labor practice charge, she filed a motion for reconsideration. Accompanying that motion was an affidavit from her counsel averring that the union never timely communicated with Ballog or her counsel. She argues that her attorney's affidavit in support of her motion for reconsideration filed before SERB should supersede the unsworn materials in the SERB record regarding whether her filing was timely.

{¶18} Yet, as stated above, we must defer to SERB's findings when confronted with conflicting evidence. *Crumbley, supra.* Although Ballog's counsel speculates that February 16, 2011, may not have been the date on which the letter was written, nothing in the SERB record affirmatively demonstrates that the letter does not accurately

reflect the date of its origin and its having been sent to Ballog at her residence.    These circumstances do not provide a basis for concluding that, upon reflection, SERB should have reconsidered its judgment and deemed that it made an error by deciding that Ballog's unfair labor practice charge was untimely.    *See State ex rel. Rust v. Lucas Cty. Bd. of Elections*, 101 Ohio St.3d 63, 2004-Ohio-9, 800 N.E.2d 1162.    As a consequence, relief in mandamus is not appropriate.

{¶19}    Accordingly, respondent's motion for summary judgment is granted and relator's motion for summary judgment is denied.    Relator Ballog to pay costs.    This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶20} Writ denied.

---

JAMES J. SWEENEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR