[Cite as *State ex rel. Caldwell v. Henson*, 2014-Ohio-1983.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. | : | JUDGES: |
| CALVIN CALDWELL, JR., | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| HONORABLE JUDGE JAMES HENSON, | : | Case No. 13CA113 |
| | : | |
| Respondent | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Writ of Procedendo/Mandamus

JUDGMENT:                            Dismissed

DATE OF JUDGMENT:                    May 8, 2014

APPEARANCES:

For Plaintiff-Relator                For Defendant-Respondent

CALVIN CALDWELL, JR., # 600-174      JAMES J. MAYER, JR.
P.O. Box 540                         Prosecuting Attorney
Belmont Correctional Institution
St. Clairsville, OH 43950            By: JOHN C. NIEFT
                                     Assistant Prosecuting Attorney
                                     38 South Park Street
                                     Mansfield, OH 44902

*Baldwin, J.*

{¶1} Relator, Calvin Caldwell, has filed a Petition for writ of Procedendo/Mandamus requesting this Court order the trial court to comply with our decision issued in the appeal of Relator's criminal case. Respondent has filed a motion to dismiss the petition.

{¶2} Relator was charged with and later convicted of Possession of Crack Cocaine. At the time of his arrest, Relator was in possession of approximately $2,500.00 in cash. As part of his sentence, the trial court ordered Relator to pay a fine and costs equal to the amount of money which was seized at the time of Appellant's arrest. On October 18, 2011, this Court reversed the portion of the trial court's sentencing entry relating to the money seized from Appellant. As a result of our decision, on October 30, 2012 the trial court issued an order which states in part, "It is therefore ordered that the Mansfield Police Department shall return to the defendant the $2,500.00 being held."

{¶3} Relator asks this Court to order the trial court to return the money to him. Respondent avers he is not in possession of the money as is evidenced by his order instructing the Mansfield Police Department to return the money to Relator. For this reason, Respondent argues Relator does not have a clear legal right to receive the money from Respondent. Respondent urges this Court to find he has fulfilled his clear legal duty by ordering the funds returned to Relator.

{¶4} Initially, we find the claims in this complaint are barred by res judicata. The Supreme Court has explained, "'Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit.' *State ex rel. Commt. for the*

*Referendum of Lorain Ordinance No. 77–01 v. Lorain Cty. Bd. of Elections,* 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 32, quoting **1256** *Hughes v. Calabrese,* 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12." *State ex rel. Rust v. Lucas Cty. Bd. of Elections*, 2003-Ohio-5643, 100 Ohio St. 3d 214, 215, 797 N.E.2d 1254, 1255-56.

{¶5} Relator admits he filed a petition with the Supreme Court of Ohio raising the identical issues raised in the petition pending before this Court. In Supreme Court Case Number 13-1525, Respondent filed a motion to dismiss nearly identical to the motion to dismiss filed in this case. The Supreme Court granted the motion to dismiss which was premised upon the contention that the Respondent did not owe any legal duty to Relator other than that which had already been performed. Relator is under the mistaken impression that the Supreme Court's dismissal was without prejudice due to some perceived procedural defect. The Supreme Court case was not dismissed based upon a procedural defect but rather on the merits of the claim. For this reason, we find this cause barred by the doctrine of res judicata.

{¶6} Even assuming were are required to consider the merits of this petition, we find the petition requires dismissal because Respondent owes no duty to Relator aside from that which has already been performed.

{¶7} Writs of procedendo are limited to a superior court ordering a lower court to proceed, "[T]he limited purpose of the writ is to require a lower court to go forward 'when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24." State ex rel. Lemons v. Kontos 2009 WL 4756269, 2 (Ohio App. 11 Dist.).

{¶8} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶9} The Supreme Court has held, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶10} Because Respondent already performed its duty to Relator by ordering the Mansfield Police Department to return funds to Relator, we find the issuance of a writ of mandamus or procedendo is not required.

{¶11} For these reasons, we find neither a writ of procedendo nor a writ of mandamus are warranted and dismiss the instant cause for failure to state a claim upon which relief may be granted.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.